# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:23-CR-0045 |
| Plaintiff, | |
| | JUDGE COLE |
| v. | |
| | GOVERNMENT'S TRIAL BRIEF |
| RICHARD BHOOLAI, | REGARDING POTENTIAL |
| | TESTIMONY BY THE DEFENDANT |
| Defendant. | |

The United States of America, by and through its undersigned counsel, respectfully submits this trial brief to address potential testimony by the defendant during trial.

A criminal defendant has a constitutional right to testify on his own behalf at his trial. *See United States v. Webber*, 208 F.3d 545, 550 (6th Cir. 2000) (describing the right of a defendant to testify as "a constitutional right of fundamental dimension"). Moreover, the Supreme Court of the United States has recognized that there is "no rational justification for prohibiting the sworn testimony of the accused, who above all others may be in a position to meet the prosecution's case," *Ferguson v. Georgia*, 365 U.S. 570, 582 (1961), and further that "[i]t is now accepted . . . that an accused has a right. . . to testify on his own behalf." *Faretta v. California*, 422 U.S. 806, 819 n.15 (1975). However, in doing so, the defendant is subject to cross examination like any other witness. As outlined in the government's trial brief, if the defendant elects to testify, the government anticipates that it may inquire on cross examination regarding specific instances of his conduct in order to attack his character for truthfulness consistent with Rule 608(b) of the Federal Rules of Evidence. Extrinsic evidence offered for other grounds of impeachment (such as

contradiction, prior inconsistent statement, bias, and mental capacity) may be offered subject to Rules 402 and 403.

Although the defendant is entitled to a reasonable opportunity to testify about any materials upon which he relied, the Court should exclude as exhibits material where the probative value is substantially outweighed by the danger of confusion under Rule 403. *See United States v. Nash*, 175 F.3d 429, 435 (6th Cir. 1999) (finding that the district court did not abuse its discretion in excluding certain exhibits where it found that the proffered exhibits held the danger of confusing the jury by introducing purported legal analysis that was at odds with the district court's instructions and at least one of the proffered exhibits was cumulative); *see also United States v. Middleton*, 246 F.3d 825, 838-40 (6th Cir. 2001) ("Where a district court believes that the probative value of proffered exhibits used to support a good-faith defense would be outweighed by possible confusion of the issues, it may properly refuse to receive such exhibits into evidence.").

The defendant may not introduce out-of-court statements he purportedly made or the statements of third parties who did not testify at trial because the statements in such cases are not the admissions of a party opponent under Federal Rule of Evidence 801(d) and are otherwise inadmissible hearsay. Allowing the defendant to introduce self-serving or allegedly exculpatory hearsay statements he purportedly made or statements made by third parties denies the government the right of cross-examination. As the Supreme Court has explained, "the hearsay rule . . . is premised on the theory that out-of-court statements are subject to particular hazards. The declarant might be lying; he might have misperceived the events which he relates; he might have faulty memory; his words might be misunderstood or taken out of context by the listener." *Williamson v. United States*, 512 U.S. 594, 599 (1994). In contrast, "these dangers are minimized for in-court statements" because of "the oath, the witness' awareness of the gravity of the proceedings, the

jury's ability to observe the witness' demeanor, and, most importantly, the right of the opponent to cross-examine." *Id.* While there are of course exceptions to the hearsay rule, the Federal Rules of Evidence do not provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party. "Indeed, if such statements were deemed admissible . . . parties could effectuate an end-run around the adversarial process by, in effect, testifying without swearing an oath, facing cross-examination, or being subjected to first-hand scrutiny by the jury." *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005) (citation omitted).

Finally, the defendant should be precluded from testifying about or making any comment or reference whether directly or indirectly, to the potential penalties he is facing. This includes not just overt references to the statutory penalties the defendant faces, but also more subtle comments, such as noting that defendant is charged with felonies or that a conviction could have an adverse effect on defendant's business, family, or future, or raising concern about potential collateral consequences (such as risks to his immigration status). "It is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." *Shannon v. United States*, 512 U.S. 573, 579 (1994) (quotation omitted). Presenting jurors with information about the consequences of their verdict "invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Id.* (citations omitted). Accordingly, the defendant should be prohibited from such attempts to improperly influence the jury. Likewise, as outlined in the government's trial brief, defense counsel should be prohibited from introducing evidence or argument calculated to induce jury nullification, including evidence or argument concerning the penalties, punishment, or potential collateral consequences that the

defendant could face if a jury convicts him of any or all of the crimes with which he is charged as well as any evidence or argument that the defendant has already suffered enough as a result of the criminal case.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

*s/Ebunoluwa A. Taiwo*
EBUNOLUWA A. TAIWO (DC 4740858)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711

ALEXANDRA K. FLESZAR (LA 36458)
Trial Attorney
U.S. Department of Justice, Tax Division
P.O. Box 972
Washington, D.C. 20004
Phone: (202) 514-5150

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Government's Trial Brief Regarding Potential Testimony by the Defendant was electronically filed and served upon counsel of record on this 5th day of September, 2024.

*s/Ebunoluwa A. Taiwo*
Ebunoluwa A. Taiwo
Assistant United States Attorney